NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0012n.06
Filed: October 6, 2004

03-3517

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| HESTON CUFFY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MAJOR LARRY A VAN HORN et al., | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendants-Appellees. | ) | |

Before: KENNEDY, DAUGHTREY, and COOK, Circuit Judges.

**PER CURIAM.** In this civil rights action filed pursuant to 42 U.S.C. §1983, plaintiff Heston Cuffy appeals the district court's grant of summary judgment to all but two of the defendants on qualified immunity grounds. At the time of the incident giving rise to this litigation, the defendants were all law enforcement personnel. Larry Van Horn, Paul Basinger, Matt Redick, Bret Lee, Jerry Morris, Danny Thompson, Sam Crish, Brian Winegardner, Todd Mohler, Brad Jacomet, Mark Baker, and Terry Sneary were deputies in the Allen County (Ohio) Sheriff's Department. Defendant Daniel Beck was the Allen County Sheriff, and Defendant Angel Cortes was a sergeant employed by the Lima (Ohio) Police Department. Defendant Jana Gutman was an Assistance Allen County Prosecutor. Defendant Anthony Denisco was a physician employed by Allen County. The district court

denied summary judgment to Brad Jacomet and Todd Mohler in their individual capacity on the plaintiff's claims that they violated his Fourth Amendment right to be free from excessive force. Those claims have since been tried to a jury, which returned a verdict finding no liability on the part of the two defendants.

Cuffy, who suffered from a bipolar condition, was injured when police officers shot him in the leg as he descended from a hiding place in his attic wielding a two-foot-long machete that he had used an hour earlier in the day to assault several people at his cousin's home, at the same time threatening to chop up his cousin's small dog. The defendant fled from the scene when his cousin called police out of fear for the safety of his family. A local police officer who had heard an APB for Cuffy broadcast over the radio in his patrol car spotted the plaintiff's car and gave chase. Cuffy refused to pull over and sped through several stop signs. The chase ultimately led to Cuffy's residence, where he got out of his car, still wielding the machete, refused to drop it at the pursuing officer's command, and escaped into his house. When back-up officers arrived a few minutes later, they initially tried to reach Cuffy inside the house by telephone, but were unsuccessful. Not aware of whether anyone else was in the house, they eventually entered it by force, based upon the opinion of the county prosecutor that a warrant was unnecessary. At this point, they discovered that Cuffy was holed up in the attic. He initially refused their orders to come down, and when he did emerge, he was still wielding the machete, leading one of the officers closest to him to fire a shot into Cuffy's leg.

The plaintiff filed this section 1983 action, alleging that the officers had entered his home illegally and that there were no exigent circumstances to excuse the police conduct that resulted in his injury. He also claimed that the officers should be held liable in their official capacity because their actions were the result of an official "use of force" policy and because they acted on the advice of the county prosecutor that they could enter his residence without a warrant. The district court found no proof to support the latter contention. As to the question of the officers' warrantless entry into the house, the district judge found that the officers were not in "hot pursuit" by the time they made the entry, because "his pursuit was neither immediate not continuous." We disagree, concluding on the facts presented in the record that there were exigent circumstances to support the officers' conduct. This disagreement with the district court is academic, however, because the court ultimately found that the officers might reasonably have believed that they were in hot pursuit and, on this basis, extended qualified immunity to them in connection with the plaintiff's Fourth Amendment claim. The result of invoking either analysis is the same: the motion for summary judgment was properly entered in favor of the defendants.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in granting summary judgment to the defendants. Accordingly, we AFFIRM the judgment of the district court.